UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARCUS E. ADAMS,

       Plaintiff,

    v.                                            Civil Action No. 2:22cv24 (EWH)

THE CITY OF NORFOLK, *et al.*,

       Defendants.

## DISMISSAL ORDER

This matter is before the Court (i) on a Motion for Leave to File Second Amended Complaint ("Second Motion to Amend"), ECF No. 10, filed by *pro se* Plaintiff Marcus E. Adams ("Plaintiff"); and (ii) pursuant to the Court's statutory obligation under 28 U.S.C. § 1915(e)(2) to screen complaints filed by parties who are proceeding *in forma pauperis*. For the reasons set forth below, Plaintiff's Second Motion to Amend, ECF No. 10, is GRANTED, and this action is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

### I.    Relevant Background

Plaintiff filed an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. The Court granted Plaintiff's IFP Application and directed the Clerk to file Plaintiff's Complaint. Order Show Cause at 1, ECF No. 2. However, upon review, the Court determined that "Plaintiff's Complaint suffer[ed] from defects that must be addressed before this action may proceed." *Id.*

In his Complaint, Plaintiff alleged that in November of 1984, Robert Ford ("Ford"), a former police officer for the City of Norfolk, "used [an] informant" to "set-up" Plaintiff and have

him arrested on "charges of attempting to break and enter." Compl. at 3, ECF No. 3. In order to "help himself with his charges," Plaintiff agreed to assist Ford, Brent Johnson ("Johnson"), and T.C. Williams ("Williams") with certain illegal activities.[1] *Id.* at 3–5. Specifically, Plaintiff alleged that criminal offenders would pay Ford, Johnson, and Williams certain sums of money in order to get "favorable outcome[s]" in their cases. *Id.* at 4. Plaintiff would "receive the funds" from the offenders and give the funds to Ford, Johnson, and/or Williams. *Id.* at 3–4. At times, Plaintiff would "testify to help offender[s] receive a favorable outcome" in their criminal cases. *Id.* at 4 (alteration in original). Plaintiff would receive "a piece of the proceeds" for his assistance. *Id.* at 5. Plaintiff alleged that on occasion, he would "be put in jail on bogus charges to get at people who had no bond" or who were faced with "serious non-violent charges." *Id.* at 4. Plaintiff alleged that "[t]his activity would go on for 20 plus years." *Id.* Plaintiff further alleged that he "tried numerous times to stop this illegal activity but the officers wouldn't allow him to walk away." *Id.* at 5.

Based on these allegations, Plaintiff asserted federal claims against the City of Norfolk, Ford, Johnson, Williams, and Phil Evans[2] pursuant to 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 241, 18 U.S.C. § 242, and 42 U.S.C. § 14141. *Id.* at 7–14. Additionally, Plaintiff asserted claims against these Defendants under Texas law for false arrest, false imprisonment, and intentional infliction of emotional distress.[3] *Id.*

---

[1]    Plaintiff identified Johnson as an assistant district attorney and identified Williams as a detective. Compl. at 4, ECF No. 3.

[2]    Plaintiff identified Phil Evans as an individual who was "employed by the Norfolk Prosecutor[']s office and the Norfolk Police Department." Compl. at 2, ECF No. 3.

[3]    In its Order to Show Cause, the Court explained that, according to the choice of law rules, Plaintiff's tort claims should have been brought pursuant to Virginia law. Order Show Cause at 2 n.3, ECF No. 2 (citing *Corinthian Mortg. Corp v. Choicepoint Precision Mktg., LLC*, No. 1:07cv832, 2008 U.S. Dist. LEXIS 28129, at *10 (E.D. Va. Apr. 4, 2008)).

In its Order to Show Cause, the Court explained that when a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is statutorily obligated to review the operative complaint to determine, among other things, whether it states a claim on which relief may be granted. Order Show Cause at 2 (citing 28 U.S.C. § 1915(e)(2)); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that a complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face"). The Court then proceeded to review Plaintiff's Complaint pursuant to its statutory screening obligation.

First, the Court determined that Plaintiff could not state a plausible claim for relief against Defendants pursuant to 18 U.S.C. § 241, 18 U.S.C. § 242, or 42 U.S.C. § 14141 because these statutes do not provide for private causes of action. Order Show Cause at 3 (citations omitted). Next, the Court determined that (i) Plaintiff's § 1983 claims, false arrest claims, false imprisonment claims, and intentional infliction of emotional distress claims, were subject to—and barred by—a two-year statute of limitations period;[4] and (ii) Plaintiff's RICO claims were subject to—and barred by—a four-year statute of limitations period. *Id.* at 3–5 (citations omitted). The Court summarized the basis for its untimeliness findings as follows:

> Plaintiff alleges that the unlawful activities that serve as the basis for his claims began in November of 1984, when Ford "set-up" Plaintiff to be arrested, and that the alleged activities continued "for 20 plus years." Compl. at 3–5. Although not alleged in Plaintiff's Complaint, the Court takes judicial notice that in May of 2010, Ford was indicted on a number of criminal charges, including conspiracy to commit extortion under color of official right, extortion under color of official right, and making false statements. *See* Indictment at 1–11, *United States v. Ford*, No. 2:10cr83 (E.D. Va. May 7, 2010), ECF No. 1; *see also United States v. Ford*, 470 F. App'x 146, 146 (4th Cir. 2012). Following a jury trial in October of 2010, Ford was convicted of the above-referenced charges and subsequently sentenced to a term of imprisonment for 150 months. *See* Judgment at 1–3, *United States v. Ford*,

---

[4]    The Court noted that Plaintiff's claims for false arrest, false imprisonment, and intentional infliction of emotional distress were subject to a two-year statute of limitations period regardless of whether they were asserted under Texas law or Virginia law. Order Show Cause at 3–4, ECF No. 2 (citations omitted).

No. 2:10cr83 (E.D. Va. Feb. 28, 2011), ECF No. 90; *see also Runyon v. United States*, 228 F. Supp. 3d 569, 590 (E.D. Va. 2017) (summarizing Ford's criminal activity in a habeas petition filed by an unrelated prisoner who claimed that Ford's "dishonest acts" "may have tainted the investigation" of the prisoner's case). During Ford's criminal trial, Plaintiff testified that Ford "was involved in a scheme whereby Ford 'accepted bribes from criminal defendants in exchange for making false representations to prosecutors and judges that the defendants had assisted him in homicide investigations,' thereby leading to reduced sentences for the defendants." *Runyon*, 228 F. Supp. 3d at 590 (citation omitted).

All of the claims asserted by Plaintiff in this action appear to be based on events that allegedly occurred prior to Ford's indictment in May of 2010. *See* Compl. at 1–16. However, Plaintiff did not initiate this action until January 18, 2022, nearly twelve years after Ford's indictment. *See* IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Thus, under these circumstances, the Court finds that Plaintiff's § 1983 claims, RICO claim, and state law tort claims are barred by the applicable statutes of limitations.

*Id.* at 4–5.

Although the Court ultimately concluded that the dismissal of this action was warranted under 28 U.S.C. § 1915(e)(2), the Court, in deference to Plaintiff's *pro se* status, provided Plaintiff an opportunity to file an Amended Complaint. *Id.* at 5–6. The Court stated:

Plaintiff is ORDERED to SHOW CAUSE why this action should not be dismissed by filing an Amended Complaint within thirty days from the date of entry of this Order to Show Cause. Plaintiff is ADVISED that the Amended Complaint will supersede Plaintiff's initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:

(i)     be clearly labeled as Plaintiff's Amended Complaint;

(ii)    clearly identify all Defendants against whom Plaintiff intends to assert claims;

(iii)   clearly state, with specificity, each claim that Plaintiff intends to assert against each Defendant;

(iv)    clearly identify a valid basis for the Court's jurisdiction over all asserted claims; and

(v)     clearly set forth all factual allegations upon which each asserted claim is based.

*Id.*

Plaintiff timely filed an Amended Complaint. Am. Compl., ECF No. 4. However, Plaintiff subsequently filed a Second Amended Complaint and a Third Amended Complaint without

4

seeking leave of Court to do so.[5]  Second Am. Compl., ECF No. 5 (filed "subject to defect" due to lack of Court authorization); Third Am. Compl., ECF No. 6 (filed "subject to defect" due to lack of Court authorization). Thereafter, Plaintiff filed a Motion to Amend ("First Motion to Amend"), and attached thereto another proposed amended complaint. First Mot. Amend, ECF No. 7.

Upon review, the Court noted that Plaintiff's First Motion to Amend, and the proposed amended complaint attached thereto, were unsigned. Order at 3, ECF No. 8. Because the filings did not comply with the signature requirements of Federal Rule 11(a), the Court denied Plaintiff's First Motion to Amend and refused to authorize the filing of Plaintiff's proposed amended complaint. *Id.* However, the Court *sua sponte* granted Plaintiff leave to file a signed amended complaint, which the Court would refer to as Plaintiff's Second Amended Complaint. *Id.*

## II.    Plaintiff's Second Motion to Amend

Plaintiff subsequently filed a Second Motion to Amend and attached thereto a signed proposed Second Amended Complaint. Second Mot. Amend, ECF No. 10; Proposed Second Am. Compl., ECF Nos. 10-1, 10-2. Plaintiff's Second Motion to Amend, ECF No. 10, is GRANTED. The Clerk is DIRECTED to file Plaintiff's Second Amended Complaint, currently docketed at ECF Nos. 10-1 and 10-2, as a separate entry on the docket of this matter.

## III.    Plaintiff's Second Amended Complaint

In his Second Amended Complaint, Plaintiff continues to allege that Ford used an informant to have Plaintiff arrested on false charges, and that Plaintiff assisted Ford with certain illegal activities "for 20 plus years" in order to "help [Plaintiff] with his charges." Second Am. Compl. at 2–5.

---

[5]    Because Plaintiff's Second Amended Complaint and Third Amended Complaint were unauthorized, neither complaint superseded Plaintiff's Amended Complaint.

Plaintiff names the City of Norfolk and Ford as the Defendants in his Second Amended Complaint. *Id.* at 1–2. Plaintiff continues to assert § 1983 claims against Defendants. *Id.* at 5–8. Plaintiff also asserts claims under Virginia law for false arrest, false imprisonment, and intentional infliction of emotional distress.[6] *Id.* at 9–10.

## IV.    The Court's Statutory Screening Obligation

As previously explained, the Court is required to review the operative complaint filed by a plaintiff who is proceeding *in forma pauperis* to determine, among other things, whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *see Twombly*, 550 U.S. at 570 (stating that a complaint must set forth "enough facts to state a claim to relief that is plausible on its face"). Here, all of the claims asserted in Plaintiff's Second Amended Complaint are subject to a two-year statute of limitations period. *See Wolfe v. Zuckerman*, No. 1:20cv175, 2020 U.S. Dist. LEXIS 162525, at *3–4 (E.D. Va. Sept. 4, 2020) (explaining that claims for false imprisonment and false arrest in Virginia are governed by a two-year statute of limitations period); *Tohotcheu v. Harris Teeter, Inc.*, No. 1:11cv767, 2011 U.S. Dist. LEXIS 134474, at *16 (E.D. Va. Nov. 22, 2011) (explaining that intentional infliction of emotional distress claims in Virginia are governed by a two-year statute of limitations period); *Demuren v. Old Dominion Univ.*, 33 F. Supp. 2d 469, 476 (E.D. Va. 1999) (explaining that courts borrow the personal injury statute of limitations from the relevant state and apply it to § 1983 claims); *see also* Va. Code Ann. § 8.01-243(A) (providing a two-year statute of limitations period for personal injury claims in Virginia).

---

[6]    Plaintiff no longer asserts claims in this action pursuant to 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 14141, or RICO. *See* Second Am. Compl. at 1–11.

Further, all of the claims asserted in Plaintiff's Second Amended Complaint, like Plaintiff's prior complaint, are based on events that allegedly occurred prior to Ford's indictment in May of 2010. *See* Second Am. Compl. at 1–11; *see also* Indictment at 1–11, *United States v. Ford*, No. 2:10cr83 (E.D. Va. May 7, 2010), ECF No. 1. Because Plaintiff did not initiate this action until January 18, 2022, the Court finds that all of Plaintiff's asserted claims are time-barred.

Plaintiff attached an exhibit to his Second Amended Complaint titled, "Statu[t]e of Limitations Discovery Rule (Tolling)," in which Plaintiff appears to acknowledge that he did not file his claims prior to the expiration of the applicable statute of limitations period. *See* Ex. at 1–3. Plaintiff suggests, however, that the Court should rely on certain exceptions to the statute of limitations rules, such as the discovery rule or the tolling doctrine, to allow his claims to proceed. *Id.*

Upon review, the Court finds no basis to toll or otherwise extend the applicable statutes of limitation in this action, and as a result, all of Plaintiff's claims remain time-barred. Under these circumstances, the Court further finds that Plaintiff's Second Amended Complaint fails to state any plausible claims for relief against Defendants. Therefore, the Court is obligated to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2). *See* 28 U.S.C. § 1915(e)(2).

When a district court dismisses an action pursuant to 28 U.S.C. § 1915(e)(2), and "the district court has already afforded [the plaintiff] an opportunity to amend," the United States Court of Appeals for the Fourth Circuit has explained that "the district court has the discretion to afford [the plaintiff] another opportunity to amend[,] or [it] can 'dismiss the complaint with prejudice.'" *Smith v. Forrester*, No. 4:18cv3317, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. 6, 2019) (quoting *Workman v. Morrison Healthcare*, 724 F. App'x 280 (4th Cir. 2018)) (recommending the dismissal of a *pro se* action under 28 U.S.C. § 1915 with prejudice after the plaintiff, despite

receiving an opportunity to amend, failed to state a claim upon which relief could be granted), *adopted by* 2019 U.S. Dist. LEXIS 33852 (D.S.C. Mar. 4, 2019); *see Gooden v. U.S. Navy/U.S. Marine Corps*, 791 F. App'x 411, 411 (4th Cir. 2020) (affirming the district court's dismissal of a *pro se* action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)).

Here, the Court has already provided Plaintiff with multiple opportunities to amend the operative complaint in this action. Despite these amendment opportunities, Plaintiff has not adequately stated any claim against Defendants upon which relief may be granted. Thus, the Court hereby exercises its discretion to DISMISS this action pursuant to 28 U.S.C. § 1915(e)(2) with prejudice.

## V.     Conclusion

For the reasons set forth above, Plaintiff's Second Motion to Amend, ECF No. 10, is GRANTED, and this action is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days of the date of entry of this Dismissal Order.

The Clerk is DIRECTED to send a copy of this Dismissal Order to Plaintiff.

It is SO ORDERED.

_____ /s/ _____

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: November 30, 2023